UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 17-254-HRW

JEFFREY ROBERTS,                                                PLAINTIFF,

v.                  MEMORANDUM OPINION AND ORDER

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits in May of 2014, alleging disability beginning on in February 2014, due to back, neck and heart problems. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative video hearing was conducted by Administrative Law Judge Karen Jackson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Martha Goss, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 46 years old at the time of alleged onset. He has a 12th grade education. His past relevant work experience consists of work as a roof bolter.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease/disc protrusion, lumbar/thoracic spine; history of herniated nucleus pulposus with radiculopathy, status post-ACDF; atrial fibrillation; osteoarthritis/impingement syndrome with tendinopathy in the left shoulder; pneumoconiosis; and obesity, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to functional capacity to perform light work with the following limitations: lift and carry 20pounds occasionally and 10 pounds frequently; stand and walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; frequently climb ramps and stairs and reach overhead with his right arm; never climb ladders, ropes, and scaffolds, reach overhead with his left arm, or work on uneven terrain; occasionally stoop, kneel, crouch, and crawl; avoid concentrated exposure to temperature extremes, wetness, vibration, environmental irritants, and poor ventilation; and avoid all exposure to unprotected heights and dangerous machinery.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 12] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly weigh the medical opinion evidence (2) the ALJ did not properly consider the combined effect of Plaintiff's impairments and (3) the ALJ erred in the face of "overwhelming longitudinal evidence of disability".

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly weigh the medical opinion evidence.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v.*

4

*Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical "opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "[s]tate agency medical or psychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

Plaintiff suggests that the ALJ should have afforded greater weight to the opinion of his treating physician, George Chaney, M.D., whom Plaintiff saw regularly from 2014 to 2016 for hypertension and shoulder and back pain. In February 2016, Dr. Chaney completed an opinion

5

form entitled "Physical Capacities Evaluation" (Tr.429). He opined that Plaintiff could work for two hours a day; stand for two hours a day; sit for two hours a day; lift 10 pounds occasionally and five pounds frequently; occasionally bend, squat, crawl, climb, and reach over shoulder level; frequently manipulate bilaterally; would need to elevate his legs occasionally; and was markedly restricted from changes in temperature and humidity, moderately restricted from unprotected heights and moving machinery, and mildly restricted from driving automobiles and equipment (Tr. 429).

This opinion basically forecloses all work activity. The ALJ gave it "some weight," stating that Dr. Chaney's own records failed to support such dire physical limitations. For example, with the exception of two May 2015 appointments in which Plaintiff complained of shoulder pain, Dr. Chaney did not record any examination findings relevant to Plaintiff's musculoskeletal impairments (Tr. 451-92). Although a 2010 lumbar MRI showed a disc herniation (Tr.493), there is no contemporaneous medical evidence that this condition continued in 2014 or later.

Nor does the rest of the record support Dr. Cheney's opinion of dire limitation. Indeed, Plaintiff told a physician assistant in Dr. Amr El-Naggar's office in May of 2014 that he had very little residual pain and did not return to that office for further treatment (Tr. 339-31). Subsequent to that, he did not complain of ongoing neck pain to his providers (Tr.451-92). In fact, with orthopedist Dr. Mukut Sharma, Plaintiff repeatedly denied experiencing neck pain and stiffness or sensory disturbances (Tr. 431, 435, 439, 447).

Given the lack of support in his treatment notes and the inconsistency with the other

6

medical evidence, the ALJ gave "good reasons" for discounting treating physicians' opinions, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, at *5. As such, the Court no error with the weight given Dr. Chaney's opinion.

Plaintiff also contends that the opinions of his neurosurgeon, Dr. El-Naggar, and a primary care provider, Brian Overbee, APRN were improperly discounted by the ALJ. The Court disagrees. These "opinions" were nothing more than conclusory statements, declaring Plaintiff to be disabled. . The ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than his past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

In alleging additional error, Plaintiff fails to present any argument whatsoever in support of his contention. Notwithstanding his bald assertion of error, his brief is devoid of any references to the transcript, statements from physicians or citations to caselaw in this regard. This cursory presentation of issues makes judicial review impossible. *See Roby v. Comm'r of Soc. Sec.*, 48 F. App'x 532, 536 (6th Cir. 2002) (unpublished) ("Issues that are adverted to in a perfunctory manner without some effort at developed argumentation are generally deemed waived." (quoting *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002))). Thus, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting Plaintiff bears the ultimate burden of establishing disability. *See* C.F.R. §§

7

404.1512(a), 416.912 (a). *See also, Foster v. Halter*, 279 F.2d 348, 353 (6th Cir. 2001).
Moreover, it is the burden of the claimant to prove the severity of her impairments. *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986). Therefore, Plaintiff's remaining allegations of error are without merit.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 14th day of November, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge